IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. MCCANN, et al., | No. C 04-02832 CRB |
| Plaintiff, | **MEMORANDUM AND ORDER DENYING MOTION FOR NEW TRIAL AND MOTION TO VACATE JUDGMENT** |
| v. | |
| WORLDCOM, et al., | |
| Defendant. | |

Now before the Court is plaintiff's "Motion for New Trial, or in the Alternative, for Motion to Vacate Judgment." Having carefully considered the papers submitted by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and DENIES the motion for the reasons stated below.

McCann brings this motion as one for a new trial, presumably pursuant to the standards in Rule 59(a). However, no trial took place in this matter and therefore the correct procedure for bringing the motion is either as a motion to alter judgment under Rule 59(e) or as a motion for relief from judgment for reason of newly discovered evidence under Rule 60(b)(2). However, regardless of which rule applies, the standard to be applied is substantially the same. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) (per curiam) (stating that the same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2)). Plaintiff must

show that the evidence "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." Id. (citation and internal quotations omitted).

McCann has failed to show the purportedly "new" evidence could not have been discovered prior to the Court's entry of judgment. The new evidence, which consists solely of McCann's own personal phone records, were clearly accessible to him prior to this Court's entry of judgment on April 14, 2005. This case was filed seven months prior to that date and the phone records are apparently over three years old. That Mr. McCann was purportedly unable to "discover" the records until April 14 only reveals a lack of diligence. Not only did McCann fail to locate his own phone records by April 14, he also did not notify this Court of his efforts to locate them or in any other way respond to the defendants' supplemental brief in support of their motion to dismiss--which he was instructed to do no later than March 25. The Court allowed him three weeks beyond the deadline to make an argument in support of his standing to bring this action, but he made none and sought no leave from the Court for more time.

Even if the Court were to excuse McCann's lack of diligence and accept that his phone records are new evidence, they would still have no effect on the outcome of his case. As defendant points out, the phone records do nothing to support plaintiff's standing and instead refute it. They show that Pacific Bell--not WorldComm or Verizon--was the entity that charged him for the calls upon which his suit is based. Thus, the records merely reinforce the Court's determination that "there is no discernible connection between the alleged conspiracy and the alleged harm done to plaintiff." April 13, 2005 Order (Docket No. 53) at 2.

McCann also asserts that the judgment should be vacated because the Court erred by entering judgment without allowing him to amend his complaint. He seeks to amend the complaint in order to substitute a new plaintiff that would be subject to the contracts the State attached to its motion. See Plaintiff's Motion for a New Trial at 5. According to McCann,

2

this would cure the lack of standing. A plaintiff without standing to bring a particular cause of action, however, also lacks standing to amend the complaint to cure the defect in standing, even where the amendment is a matter of course. See <u>Summit Office Park, Inc. v. U.S. Steel Corp.</u>, 639 F.2d 1278, 1282 (5th Cir. 1981) ("[W]here a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action."). Plaintiff's proposed amendment would transform this case into a new lawsuit altogether, and thus is not within the scope of Rule 15. See <u>id.</u> ("A pleading which abandons the original plaintiff and class and asserts new claims upon which the original plaintiff and class could not recover, has the characteristics of a new lawsuit rather than an amended complaint.").

Accordingly, the motion to amend or alter judgment is DENIED. Defendants' motion for sanctions are also DENIED.

**IT IS SO ORDERED.**

Dated: June 7, 2005

/s/
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE